## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EDWARD SMITH**                                                     **CIVIL ACTION**

**VERSUS**

**UNITED STATES FEDERAL**
**GOVERNMENT, ET AL**                                    **NO. 09-478-C-M2**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, August 3, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EDWARD SMITH**                                                    **CIVIL ACTION**

**VERSUS**

**UNITED STATES FEDERAL**
**GOVERNMENT, ET AL**                                  **NO. 09-478-C-M2**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Complaint (R. Doc. 1) filed in the above-
captioned matter on July 23, 2009.  In the complaint, plaintiff, Edward Smith ("Smith"), has
sued the United States Federal Government; Stephen C. Riedlinger, United States
Magistrate Judge of the United States District Court for the Middle District of Louisiana
("Magistrate Judge Riedlinger" or "Judge Riedlinger"); Elizabeth Haecker Ryan ("Ms.
Ryan"), an attorney at the law firm of Lemle & Kelleher, L.L.P.; and The Wackenhut
Corporation ("Wackenhut"), Smith's current employer.  Smith alleges that, on or about
December 4, 2006, he filed suit against Wackenhut in this Court, alleging claims of job
discrimination in promotions, demotion, and reduction of pay. *See*, Civil Action No. 06-919-
A-M1.  His case was assigned to Magistrate Judge Riedlinger and to District Judge John
Parker, and Wackenhut was represented in that suit by Ms. Ryan.  Smith alleges that the
judgment against him in that suit was "obtained by fraud" as a result of Magistrate Judge
Riedlinger "failing to take actions on the 'Notice of Hearing' [on the defendant's motion to
compel] in his judicial capacity."  Smith further alleges that Ms. Ryan failed to provide the
defendant's initial disclosures to him within the time allowed for discovery under the Court's
scheduling order, which deprived him of having an opportunity for discovery that could have
supported his claims.  He also asserts that Wackenhut is "in contempt of court" for failing
to comply with the Court's scheduling order.  Finally, he contends that Ms. Ryan and
Magistrate Judge Riedlinger "conspired" in the failure to take action on the "Notice of

Hearing" so as to deprive him of an opportunity to be heard on the defendant's motion to compel.  As a result of the alleged fraud and conspiracy to defraud on the part of the defendants, Smith asserts that he is entitled to damages for pain and suffering, mental anguish, loss of enjoyment of life, punitive damages, and other non-pecuniary damages that may be shown at a trial on the merits.[1]

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Cf., Green v. McKaskle, supra*.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

---

[1] As a preliminary matter, the undersigned notes that another magistrate judge of this court has the authority to proceed over this matter.  It has been recognized that the naming of a judicial colleague as a defendant in litigation does not require automatic disqualification of every judge on the same court. *Evans v. Stephens*, 387 F.3d 1220 (11th Cir. 2004), citing *Guide to Judiciary Policies and Procedures*, Vol. II, Ch. IV, Published Advisory Opinion No. 103(II)(B) (2002).  Furthermore, although a judge shall recuse himself/herself under the Code of Judicial Conduct:  (1) where his/her impartiality might be reasonably questioned because he/she has a personal bias against an attorney or party in the case or a personal interest in the litigation, (2) where the judge previously served as a lawyer or a material witness in a matter, (3) where a relative of the judge is a party, attorney, or material witness or has a material interest in the matter, and/or (4) where the judge knows that a party or attorney made a significant contribution to the judge's campaign, none of those circumstances exist in this case, and as a result, the undersigned can rightfully issue a recommendation in this matter. 46 Am. Jur. 2d Judges § 169, citing Code of Judicial Conduct Canon 3E.

The undersigned finds that the present matter should be dismissed as frivolous and/or for failure to state a claim upon which this Court may grant relief.  First, both the United States Government and Magistrate Judge Riedlinger should be dismissed from this matter upon grounds of immunity.  The federal government is immune from suit absent explicit waiver.  *Booth v. Internal Revenue Service*, 37 F.3d 1509 (10th Cir. 1994), citing *United States v. Dalm*, 494 U.S. 596, 608 (1990).  While it can consent to suit and thereby waive its sovereign immunity, the federal government has not done so in this case.  *Id.*  Similarly, Magistrate Judge Riedlinger is entitled to immunity from suit under the doctrine of judicial immunity.  *Dawson v. Newman*, 419 F.3d 656 (7th Cir. 2005); *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.)(holding that judges are absolutely immune for judicial acts unless performed in clear absence of jurisdiction), *cert. denied*, 492 U.S. 921, 109 S.Ct. 3250, 106 L.Ed.2d 596 (1989).  Such doctrine confers absolute immunity from suit, not merely a defense to liability.  *Id.*  If a judge errs "through inadvertence or otherwise, a party's remedy is through the appellate process."  *Id.*, at 660, quoting *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985).  Judicial immunity extends to acts performed by the judge "in the judge's judicial capacity" and not to those "ministerial or administrative acts" that "simply happen to have been done by judges."  *Id.*, quoting *Lowe*, at 312, and *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).  Since the alleged acts/failures to act by Magistrate Judge Riedlinger that are in question in this suit (*i.e.*, the alleged failure to act on a "Notice of Hearing" on a motion to compel and the entry of a judgment "obtained by fraud") were performed in his judicial capacity, he is entitled to absolute judicial immunity in relation to those acts/failures to act.

In addition to his claims against the U.S. Government and Magistrate Judge

Riedlinger being dismissed based upon immunity, Smith's claims against all of the defendants should also be dismissed because the same claims were asserted in his prior action, and he is essentially attempting to use the present lawsuit as an untimely appeal of the dismissal of his prior case, which is improper.  A brief description of the procedural background of Smith's prior lawsuit is essential to demonstrate the frivolous nature of his present claims.

In the context of his prior case, Wackenhut propounded discovery requests upon Smith on February 14, 2007.  Smith did not provide any responses to that discovery, and Wackenhut therefore filed a motion to compel on May 8, 2007, to which Smith filed no opposition.  Magistrate Judge Riedlinger granted Wackenhut's motion to compel on August 30, 2007 and awarded Wackenhut $200.00 for the expenses and attorney's fees that it incurred in bringing that motion.  Smith did not subsequently submit discovery responses or pay the award of expenses and attorney's fees in accordance with the August 30, 2007 ruling.  Wackenhut therefore filed a Motion for Discovery Sanctions on September 19, 2007, seeking an additional award of expenses and fees and/or dismissal of the plaintiff's claims pursuant to Fed. R. Civ. P. 37.  Although Smith claimed, in his opposition to that motion, that he had not complied with the August 30, 2007 ruling because he did not receive notice of it until October 8, 2007, Magistrate Judge Riedlinger, in an October 25, 2007 ruling on the motion for sanctions, found little evidence to support that assertion but nevertheless concluded that it was sufficient to establish that Smith's failure to comply with the ruling was not willful or in bad faith.  Judge Riedlinger therefore declined to dismiss Smith's case at that time and instead ordered Smith to comply with the August 30, 2007 ruling and to pay an additional $200.00 in expenses and attorney's fees because of his

failure to comply with that ruling.

Smith then also failed to comply with the October 25, 2007 ruling, and Wackenhut filed a second motion for sanctions on November 12, 2007.  On December 12, 2007, Magistrate Judge Riedlinger again denied Wackenhut's request for a dismissal of Smith's claims but imposed additional sanctions pursuant to Fed. R. Civ. P. 37, which included: (1) prohibiting plaintiff from introducing into evidence the information and documents he failed to produce in response to Wackenhut's discovery requests, and (2) ordering Smith to pay Wackenhut, within thirty (30) days, the monetary sanctions previously ordered in the total amount of $400.00.

Smith then moved to vacate the October 25, 2007 ruling and for the imposition of the sanction of judgment by default against Wackenhut.  Smith argued that he was entitled to such relief because:  (1) Wackenhut failed to provide its Rule 26 initial disclosures by the deadline set forth in the Court's scheduling order; and (2) the Court did not address that failure by Wackehut in its October 25, 2007 ruling on Wackenhut's motion for discovery sanctions.  Smith also contended that he had filed another application for appointment of counsel in order to file a motion for contempt against Wackenhut but that such motion to appoint counsel had been denied and that the Court had also failed to serve him with the "Notice of Hearing" on Wackenhut's motion to compel.  Smith asserted that, if he had been served with the "Notice of Hearing," he would have appeared before the Court to address Wackenhut's failure to timely provide initial disclosures.  He explained that such failure by Wackenhut deprived him of discovery that could have supported his claims.  In a ruling on Smith's motion to vacate dated December 12, 2007, Magistrate Riedlinger noted that Smith had failed to show how the timing of the defendant's initial disclosures had affected his

ability to respond to discovery or obey the Court's orders.  The Court therefore concluded that neither the defendant's failure to timely provide initial disclosures nor the fact that the Court did not address that alleged failure in the October 25, 2007 ruling provided a basis to conclude that the ruling was erroneous or a violation of the plaintiff's constitutional rights. Relative to Smith's allegation that he did not receive the "Notice of Hearing" on Wackenhut's motion to compel, Magistrate Judge Riedlinger noted that Smith failed to raise that issue in his opposition to the motion to compel.  Moreover, Judge Riedlinger pointed out that the Court's Local Rules do not provide for the filing and service of a "Notice of Hearing" on pending motions.  After a motion is filed and served upon a party, the party opposing the motion is required to file a response to the motion within twenty (20) days after service of the motion.  Thus, Magistrate Judge Riedlinger concluded that the fact that Smith did not receive a "Notice of Hearing" was not a basis for vacating the October 25, 2007 ruling on Wackenhut's motion for discovery sanctions.

Smith subsequently filed a motion to disqualify Magistrate Judge Riedlinger from his case based upon alleged "personal bias" on January 3, 2008.  That motion was denied by Judge Riedlinger, and such ruling was upheld on appeal by Judge Parker.  Upon being notified that Smith still had not paid the court-ordered sanctions owed to Wackenhut as of June 18, 2008, Magistrate Judge Riedlinger issued an order requiring Smith to show cause why his complaint should not be dismissed for his failure to comply with the December 12, 2007 ruling.  On that same day, Wackenhut also filed a motion for sanctions, again seeking the dismissal of Smith's case based upon his flagrant disregard of the Court's orders and an additional award of expenses and fees.  Again, in response to Wackenhut's motion for sanctions, Smith asserted that Wackenhut had failed to timely provide him with its initial

disclosures in accordance with the scheduling order, which had deprived him of an opportunity to obtain adequate discovery.  Smith argued that, as a result of that action, Wackenhut had "forfeited its right to file any pleadings and should be held in contempt." Finally, he argued that Wackenhut had "manipulated the Court into believing that his failure to obey the Court's orders was in bad faith and thus the $400.00 sanction was unjustified." He contended that a default judgment against Wackenhut was therefore warranted.

In a ruling dated August 4, 2008, Magistrate Judge Riedlinger found that the record established that Smith had willfully disobeyed the Court's orders to pay attorney's fees and to provide discovery, despite the fact that he had been given four (4) opportunities to fulfill those obligations.  Judge Riedlinger noted that Smith had "continuously tried to justify his failure based on conclusory or nonsensical excuses which ha[d] already been found to be unpersuasive."  For the reasons previously stated in the December 12, 2007 ruling, Judge Riedlinger found that Wackenhut's alleged untimely disclosures did not substantially justify Smith's failure to comply with the Court's multiple orders.  As to Smith's allegations that the Court was somehow "manipulated" by Wackenhut, Judge Riedlinger concluded that those allegations were "unsupported and inappropriate."  Finally, Judge Riedlinger determined that Smith had failed to show cause why his complaint should not be dismissed for failure to comply with the December 12, 2007 ruling.  Finding that Smith had exhibited bad faith in failing to attempt to pay the attorney's fees awards or to provide discovery and that Wackenhut had been prejudiced in preparing its defense as a result of Smith's failures, Judge Riedlinger concluded that the only effective remedy was dismissal with prejudice. No additional monetary sanctions were awarded at that time, considering that Smith's complaint was being dismissed with prejudice.  On August 19, 2008, Magistrate Judge

Riedlinger's recommendations were adopted as the opinion of the Court by Judge Parker, and Smith's prior suit was dismissed with prejudice.  Smith did not appeal Judge Parker's decision to the Fifth Circuit Court of Appeals, and it subsequently became final.

As can be seen from the above description of the procedural background of Smith's prior case, he is asserting the same allegations in the present matter (concerning Magistrate Judge Riedlinger's failure to provide him with a "Notice of Hearing" on Wackenhut's motion to compel, Wackenhut's alleged failure to timely produce its initial disclosures, and Wackenhut's alleged "manipulation" of Magistrate Judge Riedlinger) that he submitted to the Court in his prior case.  Such allegations were properly disposed of by the Court, and if Smith disagreed with Magistrate Judge Riedlinger's and District Judge Parker's decisions, he should have timely appealed those decisions to the Fifth Circuit within thirty (30) days of August 19, 2008.  He cannot now (nearly a year later) seek untimely appellate review of the same arguments raised in his prior suit by simply filing another suit in the same district court.  Moreover, any allegations in the present suit that Magistrate Judge Riedlinger and Ms. Ryan engaged in a fraudulent conspiracy to have his prior suit dismissed not only appear completely and utterly unsupported by the record in the prior case, but such allegations of fraud have also been insufficiently alleged to sustain a claim under Fed. R. Civ. P. 9(b).  *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)(quoting *United States ex rel. v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)(Rule 9(b) requires that plaintiffs plead enough facts to illustrate "the 'who, what, when, where and how' of the alleged fraud").[2]  In his present

_____

[2] *Swartz v. KPMG LLPC*, 476 F.3d 756 (9th Cir. 2007)(citations omitted)(To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Fed. R. Civ. P. 8(a)(2).  However, where a complaint includes allegations of fraud, Fed. R. Civ. P. 9(b) requires more specificity including an account of the "time, place, and specific content of the

complaint, Smith has simply asserted conclusory allegations of fraud and conspiracy and has not presented any facts demonstrating when, where and how this alleged fraud/conspiracy was perpetrated.  For all of the above reasons, the undersigned finds that Smith's present suit should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

## **RECOMMENDATION**

It is recommended that the above-captioned matter should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

Signed in chambers in Baton Rouge, Louisiana, August 3, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

false representations as well as the identities of the parties to the misrepresentations."  "To comply with Rule 9(b), allegations of fraud must be specific enough to give the defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong").